IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE CARSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL CASE NO. 3:15-CV-1032-K-BK |
| | § | |
| JOSE ROJAS, | § | |
| | § | |
| **Defendant.** | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGSTRATE JUDGE

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management. The Court now considers *Defendant's Motion for Summary Judgment.* Doc. 53. For the reasons that follow, it is recommended that *Defendant's Motion for Summary Judgment* be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

**A. Procedural History**

Plaintiff initiated this lawsuit in April 2015. Doc. 3. He filed his *Third Amended Complaint* on June 23, 2015, in which he alleges that Defendant, a Dallas County Sheriff's Department deputy, was deliberately indifferent to Plaintiff's medical needs following an accident caused by Defendant's reckless driving. Doc. 16 at 4. Plaintiff claims that while Defendant was transporting him by van from Parkland Hospital to the Dallas County Jail, Defendant slammed on the brakes, causing Plaintiff to fall and hit the back of the van, which was then rear-ended by a car. Doc. 16 at 6. Plaintiff alleges that as a result of the accident, he suffered torn and sprained back muscles, a "Pulmonary Embolus" that caused two blood clots to travel to his lungs, and an irregular heartbeat that sometimes causes him difficulty breathing. Doc. 16 at 6. He seeks "compensation for [his] pain and suffering." Doc. 16 at 4.

In his answer, Defendant asserted the defenses of qualified immunity and failure to exhaust administrative remedies, and now moves for summary judgment on those grounds.[1]  Doc. 53; Doc. 54.  Plaintiff was required to file his response to the motion for summary judgment, if he opposed the relief requested, by February 16, 2016, but did not do so.  *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions).  Subsequently, the Court, *sua sponte*, extended the deadline for filing a response to June 17, 2016.  Doc. 58.  Still, Plaintiff failed to respond.

**B.  Applicable Law**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Id.* at 587.

---

[1] Defendant requests dismissal of the case with prejudice on the basis of Defendant's qualified immunity to suit, and, in the alternative, dismissal without prejudice on the basis of Plaintiff's failure to exhaust administrative remedies.  Doc. 53 at 6.  Because the Court concludes that there is no genuine issue of material fact as to qualified immunity, dismissal with prejudice is appropriate.

If a party does not file a response to a summary judgment motion, a court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to his pleadings, which, if unsworn, do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).

Here, because Plaintiff has failed to respond or present any controverting summary judgment evidence, the Court accepts Defendant's evidence and facts as undisputed.

## C. Argument and Analysis

Defendant argues that he is entitled to summary judgment based on qualified immunity because there is no evidence that he violated Plaintiff's clearly established constitutional right to medical care; that is, that he was deliberately indifferent to Plaintiff's serious medical needs. Doc. 54 at 9-13. Upon review of the competent summary judgment evidence, Defendant's position is well supported.

Assuming *arguendo* that Plaintiff was injured while in the back of the jail transport van driven by Defendant, the uncontested evidence is that Defendant opened the back door of the van to check on the inmates once he realized that the van had been rear ended. Doc. 55 at 6. A car had come in contact with only the metal steps protruding from the rear of the van that were used by inmates to climb in and out, and there was no visible damage to the van. Doc. 55 at 6. Upon opening the back door, Defendant saw Plaintiff and the other two inmates he was transporting huddled together, but

saw no visible injuries on either of them.  Doc. 55 at 6.  Neither Plaintiff nor the other inmates said or did anything to indicate they were injured.  Doc. 55 at 6-7.  At that point, Defendant closed the door and called his supervisor to report the accident.  Doc. 55 at 7.  Following his supervisor's instructions, Defendant called dispatch, which sent the Criminal Investigation Division ("CID") to the accident scene.  Doc. 55 at 7.

Because the traffic accident was minor,  Defendant and the  driver of the vehicle that rear-ended the van, drove their respective vehicles to a nearby parking lot, so as not to interfere with traffic.  Doc. 55 at 7.  Defendant again opened the back door of the van to determine if Plaintiff and the other two inmates were okay.  Doc. 55 at 7.  At that point, all three complained of back and neck pain.  Doc. 55 at 7.

As he was instructed by his supervisor, once the accident scene had been processed by the CID and the Sheriff's Department traffic unit (about 40 minutes after the accident), Defendant transported the inmates to the Dallas County Jail (five minutes away) where, after Defendant and the inmates completed affidavits about the accident, Defendant escorted Plaintiff and the other inmates to Parkland Jail Health ("PJH").  Doc. 55 at 7.  The PJH is a fully-accredited medical facility located on the campus of the Dallas County Jail.  Doc. 55 at 66.  Defendant left Plaintiff and the other inmates in the custody of a PJH nurse, who he informed of their complaints of back and neck pain, and had no further contact with Plaintiff after that time. Doc. 55 at 8.  Plaintiff was subsequently evaluated by a PJH physician assistant that evening, and the evaluation, as well as follow-up evaluations over the following week, revealed no serious injury to Plaintiff.  Doc. 55 at 55-56, 65-66.  It is the uncontroverted opinion of Defendant's medical expert that the serious injuries Plaintiff complains of here, namely: pulmonary embolus, arrhythmias, and deep vein thrombosis, all diagnosed in December 2014, are unrelated to the back injury he allegedly sustained in the van accident.  Doc. 55 at 56.

As a pretrial detainee, Plaintiff had a clearly established right under the Fourteenth Amendment not to be denied attention to his serious medical needs by deliberate indifference.  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  To prevail on a deliberate indifference to medical needs claim, Plaintiff must establish that Defendant was "aware of a substantial risk of serious harm to a convicted inmate but was deliberately indifferent to that risk," rather than merely negligent in his failure to act.  *Hare, 74 F.3d at 649*.

As recounted here in pertinent part, the uncontested and competent summary judgment evidence establishes that Defendant was not deliberately indifferent to Plaintiff's serious medical needs.  Defendant's belief that neither Plaintiff nor the other inmates "had sustained a serious injury or had a serious medical problem that required immediate attention or treatment," Doc. 55 at 8, was objectively reasonable in light of the accident being so minor that Defendant initially was unaware of its occurrence, there being no resulting damage to the van, and Plaintiff's and the other inmates' lack of any visible injuries or complaints of injury immediately following the accident.  Moreover, there is no evidence to support Plaintiff's claim that the significant medical conditions about which he complains were a consequence of the accident, let alone the delay in receiving treatment.  Accordingly, Defendant is entitled to summary judgment on this ground.[2]

---

[2] Because his qualified immunity argument is dispositive, the Court does not reach Defendant's alternative argument.

**D.  Recommendation**

For the reasons stated above, it is recommended that *Defendant's Motion for Summary Judgment*, Doc. 52, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE.**

**SIGNED** on July 26, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE